# STATE OF MICHIGAN

# COURT OF APPEALS

ALFRED MILLER,

      Plaintiff-Appellee,

v

CITY OF FLINT, CITY OF FLINT FIRE
DEPARTMENT, DAN'S EXCAVATING
SERVICE, DAN'S EXCAVATING, INC.,
CONSUMERS POWER, and JOHN DOE,

      Defendants,

and

GERALD HUNT,

      Defendant-Appellant.

UNPUBLISHED
October 26, 2017

No. 334404
Genesee Circuit Court
LC No. 16-106479-NO

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant Gerald Hunt appeals as of right an August 17, 2016 order denying his motion for summary disposition. For the reasons set forth in this opinion, we reverse and remand for entry of an order awarding summary disposition in favor of defendant.

## I. FACTS

This action arises out of injuries sustained by plaintiff when he was riding his motorcycle and a gas main exploded. On June 6, 2015, Dan's Excavating was performing construction work in Flint, Michigan, near I-69 and Dort Highway. During the excavation work, an employee of Dan's Excavating severed a gas main next to Dort Highway. An employee of Dan's Excavating contacted the Flint Fire Department (FFD). Defendant is a sergeant with the FFD, and he was a lieutenant at the time of this accident. Defendant was dispatched to the scene at 11:40 a.m. because the smell of natural gas was reported. He arrived around 11:50 a.m. Upon arrival, defendant spoke to the construction site foreman, Brian Verhelle. Verhelle informed defendant that heavy equipment had ruptured a gas main and that the area was not previously flagged for

-1-

gas lines. Defendant then contacted dispatch to request that dispatch notify Consumer's Energy of the ruptured gas main. The heavy equipment and personnel had been cleared from the area when defendant arrived. Defendant stated in an affidavit that, "[a]fter confirming that Consumer's Energy was notified, that the area was clear, and advising Mr. Verhelle to keep the area clear, my team and I returned to service." Defendant left the scene at about 12:00 p.m.

At approximately 1:20 p.m., plaintiff was riding his motorcycle on Dort Highway and the gas main exploded. Defendant was dispatched back to the scene. Defendant saw fire when he arrived, and requested police assistance to control nearby traffic. A Consumer's Energy supervisor informed defendant that the gas main exploded and caught fire when representatives of Consumer's Energy were preparing to repair the rupture. Defendant could not drive through the fire due to the extreme heat, so he and his team entered the scene by foot to look for victims. Defendant found paramedics administering care to plaintiff. Plaintiff sustained severe burns to his body and face. Plaintiff was transported to Hurley Medical Center.

Defendant then spoke to the Consumer's Energy field leader, Al Thomas who informed defendant that Thomas' team was trying to disable the gas service. Defendant found a steel crane nearby that was on fire, and defendant evacuated the scene in case the crane collapsed. Eventually, the gas was shut off and the large fire extinguished itself, and defendant and his team put out the smaller nearby "spot fires."

On March 23, 2016, plaintiff filed a three-count complaint against the city, the FFD, Dan's Excavating Service and Dan's Excavating, Inc., Consumers Power, and "John Doe, Contractor." Plaintiff alleged defendant was grossly negligent because he abandoned the worksite, did not block off traffic, and did not warn the public of the hazardous area, among other reasons. Plaintiff alleged other claims against the remaining defendants, but those claims were dismissed and are not part of this appeal.

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7) or (C)(10) arguing that the suit was barred by governmental immunity where the gross negligence exception to immunity did not apply. Furthermore, defendant's actions were not the cause in fact of plaintiff's injuries because he did not cause the gas leak or the explosion.

Plaintiff replied, arguing that defendant was not entitled to summary disposition because he was grossly negligent, and his gross negligence caused plaintiff's injuries. Plaintiff argued that defendant was grossly negligent because he abandoned the scene, did not establish a zone of hazard or assess other dangers, did not call the police, did not close the highway, and ignored the safety of citizens driving on Dort Highway. Defendant's actions were the cause in fact of plaintiff's injuries because he should have stayed at the scene long enough to assess other dangers and establish a danger zone. His failure to do so was sufficient evidence for a trier of fact to conclude that defendant was the proximate cause of plaintiff's injuries.

On August 8, 2016, the trial court denied defendant's motion for summary disposition. The court noted that after defendant was dispatched to the scene, he "only stayed for a short duration, did nothing with regard to the safety of the motorists passing within twenty feet of the leaking gas main." The court reasoned that there was a question of fact regarding whether

defendant undertook his actions in good faith and denied the motion for summary disposition. The court entered a written order on August 17, 2016. This appeal ensued.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred in denying his motion for summary disposition, arguing that plaintiff's claim is barred by governmental immunity under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*. where there was no question of fact regarding whether he acted in a grossly negligent manner.

We review a motion for summary disposition de novo. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). If a claim is barred because of "immunity granted by law," summary disposition is appropriate pursuant to MCR 2.116(C)(7). In reviewing a motion under MCR 2.116(C)(7), we accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. *Dextrom v Wexford County*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id.* at 429 (citations omitted). If a question of fact does exist to the extent that recovery could be provided by factual development, dismissal is inappropriate. *Id.*

Except under certain circumstances, the GTLA provides immunity to governmental employees from tort liability. MCL 691.1407(2); *Odom v Wayne Co*, 482 Mich 459, 479-480; 760 NW2d 217 (2008). For tort claims involving alleged negligence, lower-level governmental employees such as defendant are entitled to immunity if the following three criteria are met: "[1] they are acting or reasonably believe they are acting within the scope of their authority, [2] they are engaged in the exercise or discharge of a governmental function, and [3] their conduct does not amount to gross negligence that is the proximate cause of the injury or damage." *Love v City of Detroit*, 270 Mich App 563, 565; 716 NW2d 604 (2006), citing MCL 691.1407(2). In this case, plaintiff does not dispute that defendant was acting within the scope of his authority, or that defendant was engaged in the exercise or discharge of a government function. The central issue therefore is whether there was a question of fact regarding whether defendant's conduct amounted to gross negligence.

"Gross negligence" is defined by the GTLA as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Evidence of ordinary negligence is not enough to create a question of fact regarding whether a government employee was grossly negligent. *Chelsea Inv Group LLC v Chelsea*, 288 Mich App 239, 265; 792 NW2d 781 (2010). "Simply alleging that an actor could have done more is insufficient under Michigan law, because, with the benefit of hindsight, a claim can always be made that extra precautions could have influenced the result." *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004). Instead, gross negligence "suggests . . . almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Id*. "The determination whether a

governmental employee's conduct constituted gross negligence that proximately caused the complained-of injury under MCL 691.1407 is generally a question of fact, but, if reasonable minds could not differ, a court may grant summary disposition." *Briggs v Oakland Co*, 276 Mich App 369, 374; 742 NW2d 136 (2007).

In this case, viewing the evidence in a light most favorable to plaintiff, a rational juror could not conclude that defendant "simply did not care about the safety or welfare of those in his charge." *Tarlea*, 263 Mich App at 90. Here, the record indicates that defendant arrived at the scene and spoke with the site foreman and learned of the gas leak and that the area had been cleared. Defendant called dispatch and requested that dispatch contact Consumers Energy to have the gas main shut off. Defendant also directed the foreman to keep the area cleared. Defendant did not depart the area until after he ensured that dispatch had contacted Consumers Energy. Although defendant could have, and should have done more to secure the scene, his negligent conduct did not meet the definition of a "willful disregard" for the safety of others. Accordingly, viewing the evidence in the light most favorable to the plaintiff, we cannot conclude that defendant's conduct was "so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Here, defendant took precautions to rectify the situation. Such precautions negate a finding that his conduct was so reckless that a rational juror could conclude that he did not care about the safety of others. *Tarlea*, 236 Mich App at 90.

Plaintiff argues that defendant should have stayed at the scene longer, established a zone of danger, called the police, and closed Dort Highway. Plaintiff also cites to an affidavit of a purported expert to support his claim that defendant should have taken additional safety measures in response to the gas leak. However, even assuming that defendant should have done everything that plaintiff suggests, and assuming that defendant's conduct fell below the appropriate standard of care, "[s]imply alleging that an actor could have done more is insufficient," and does not support that defendant "simply did not care about the safety or welfare of those in his charge." *Id*. Here, the evidence viewed in a light most favorable to plaintiff would not allow a rational juror to conclude that defendant's conduct was "so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).

Because no rational juror could conclude that defendant's conduct amounted to gross negligence, plaintiff's suit was barred by governmental immunity and summary disposition in favor of defendant was warranted under MCR 2.116(C)(7); the trial court erred in concluding otherwise. *Briggs*, 276 Mich App at 374.

Reversed and remanded for entry of an order awarding summary disposition in favor of defendant. No costs awarded. MCR 7.219(A). We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause

-4-