# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA JEAN BASSETT, also known as
BARBARA JEAN SMITH,

UNPUBLISHED
July 17, 2018

Plaintiff-Appellant,

v

Nos. 337065; 338761
Wayne Circuit Court
LC No. 16-006538-CZ

COUNTY OF WAYNE, WAYNE COUNTY
CLERK, and UNKNOWN DEPUTY CLERK,

Defendants-Appellees.

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

In Docket No. 338761 of these consolidated appeals, plaintiff appeals by right the trial court's order granting defendants' motion for summary disposition. In Docket No. 337065, plaintiff appeals by leave granted the denial of her motions to disqualify[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of plaintiff's loss of a coaching position at the Detroit Public Schools (DPS). Plaintiff claims that she was hired as a head cheerleader coach at Chrysler Elementary

---

[1] Plaintiff sought leave to appeal Wayne Circuit Court Chief Judge Robert Colombo's order denying plaintiff's motion to disqualify Judge Megan Brennan and the entire Wayne County judicial bench. Plaintiff also filed a motion in this Court to disqualify Judge Brennan and the entire Wayne County bench. This Court denied plaintiff's motion to disqualify but granted the application for leave to appeal and consolidated the case with Docket No. 338761, which was already pending before this Court. See *Bassett v Wayne County*, unpublished order of the Court of Appeals, entered July 7, 2017 (Docket No. 337065). This Court denied reconsideration of its denial of plaintiff's motion to disqualify on August 15, 2017. *Bassett v Wayne County*, unpublished order of the Court of Appeals, entered July 7, 2017 (Docket No. 337065). The Michigan Supreme Court denied plaintiff's application for leave to appeal this Court's denial of her motion on April 3, 2018. *Bassett v Wayne County*, ___ Mich ___; ___ NW2d ___ (2018) (Docket No. 156545).

-1-

School in 2014. On May 30, 2014, after a criminal background check revealed a previous conviction (offense date August 12, 2005), DPS terminated plaintiff's employment. Plaintiff contested her discharge, stating that her prior conviction had been set aside by Wayne Circuit Court Judge Richard Skutt on May 8, 2012. When that effort failed, she filed suit *in propria persona* against several DPS defendants, the State Court Administrator's Office, the Michigan State Police, and the Federal Bureau of Investigation in both the Court of Claims and the trial court. Both the Court of Claims and the trial court granted summary disposition in favor of the defendants in those cases.[2]

Again acting *in propria persona*, plaintiff then filed this action, naming Wayne County, Wayne County Clerk Cathy M. Garrett, and a "Person with Illegible Signature as 'Deputy Clerk' on 5/8/12, Order" (unknown deputy clerk) as defendants. Asserting that defendants had failed for over two years to properly enter and forward to the Michigan State Police the order expunging her conviction, and that this failure resulted in the termination of her employment with Chrysler Elementary School, plaintiff pleaded counts alleging neglect of duty, defamation per se – libel, slander per se, "violation of privacy act, 1993," and "tortious interference with economic relations." After protracted proceedings in which plaintiff sought but failed to secure the disqualification of Judge Brennan and the entire Wayne Circuit Court bench, defendants moved for summary disposition. The trial court granted defendants' motion for various reasons, which we will discuss later in this opinion. This appeal followed.

## II. DISQUALIFICATION

Plaintiff argues in Docket No. 337065 that both the trial court and the chief judge erred by denying her motions to disqualify Judge Brennan and the entire Wayne Circuit Court bench. We disagree. "We review a trial court's factual findings regarding a motion for disqualification for an abuse of discretion and its application of the facts to the law de novo." *In re MKK*, 286 Mich App 546, 564; 781 NW2d 132 (2009). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*.

Plaintiff's argument is essentially that Wayne Circuit judges are paid by Wayne County and therefore have a financial interest in the outcome of her case and cannot be unbiased because Wayne County is a defendant. Further, plaintiff argues that Judge Brennan's rulings showed a pattern of bias in favor of defendants and against plaintiff. Our review of the record reveals that plaintiff's allegations are not supported by the record.

---

[2] This Court affirmed. *Bassett v State Court Administrator*, unpublished opinion of the Court of Appeals, entered June 15, 2017 (Docket Nos. 329688; 329999). Plaintiff sought leave to appeal the judgment of this Court, but the Michigan Supreme Court denied leave. *Bassett v State Court Administrator*, ___ Mich ___, ___; 908 NW2d 919 (2018).

Grounds for disqualification are listed in MCR 2.003(C), which provides in pertinent part:

> (1) Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:

> (a) The judge is biased or prejudiced for or against a party or attorney.

> (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

> * * *

> (f) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, parent or child wherever residing, or any other member of the judge's family residing in the judge's household, has more than a de minimis economic interest in the subject matter in controversy that could be substantially impacted by the proceeding.

"[A] party challenging the impartiality of a judge must overcome a heavy presumption of judicial impartiality." *Van Buren Charter Twp v Garter Belt, Inc*, 258 Mich App 594, 598; 673 NW2d 111 (2003) (quotation marks and citation omitted). "In general, the challenger must prove a judge harbors actual bias or prejudice for or against a party or attorney that is both personal and extrajudicial." *Id*.

Plaintiff compares her case to *Caperton*, in which the Supreme Court of Appeals of West Virginia, in a 3 to 2 vote, reversed a $50 million jury verdict that had been entered against a defendant coal company and its affiliates. One of the West Virginia justices in the majority had denied a recusal motion. The motion for recusal was based on the fact "that the justice had received campaign contributions in an extraordinary amount from, and through the efforts of, the board chairman and principal officer of the corporation found liable for the damages." *Caperton*, 556 US at 872. The United States Supreme Court reversed, stating that "there is serious risk of actual bias . . . when a person with a personal stake in a particular case had a significant and disproportionate influence in placing the judge on the case by raising funds or directing the judge's election campaign when the case was pending or imminent." *Id*.

The instant case does not invoke the concerns presented in *Caperton*. *Caperton* involved $3 million in campaign contributions directly to the justice involved in the case; in fact, the *Caperton* Court noted that the contributions of the party at issue "exceed by 300%" the entire amount spent on the incumbent judge's campaign. *Id*. at 884. The *Caperton* Court specifically noted it was "an exceptional case" in many respects, rather than merely a case where a litigant or attorney had donated to a judge's campaign. *Id*.

Here, there are no such exceptional factors. Plaintiff asserts that all the judges on the Wayne Circuit bench are paid by Wayne County, and that therefore a ruling against defendants would be "biting the hand that feeds them." However, the premise of plaintiff's assertion is incorrect. Chief Judge Colombo explained to plaintiff that circuit court judges are both employed and paid by the state, not the county. Our Legislature has provided that each circuit court judge receives an annual salary from the state, although a county is not prohibited from paying additional salary. See MCL 600.555(1). Thus, it would be more correct to say that a circuit court judge is always paid by the state, but may also be paid by a county. Nonetheless, plaintiff has presented no evidence regarding exactly how—if she were to prevail in this matter and receive the monetary judgment that she seeks[3]—it would have an effect on the salaries of the Wayne Circuit judges, even if they receive part of their salary from Wayne County. Plaintiff has presented absolutely no evidence whatsoever that Judge Brennan and the rest of the Wayne Circuit bench has any financial interest in the outcome of this matter, and therefore her argument regarding an implicit financial interest creating judicial bias fails. In other words, plaintiff simply has not overcome the heavy presumption of judicial impartiality with regard to this issue. *Van Buren Charter Twp*, 258 Mich App at 598.

Next, plaintiff claims that adverse rulings issued by the trial court showed a pattern of bias in favor of defendants, such as when the court denied plaintiff's motion to show cause, set aside plaintiff's default of defendants, and issued numerous other rulings that plaintiff contends were groundless and without proper legal basis. "[J]udicial rulings, in and of themselves, almost never constitute a valid basis for a motion alleging bias, unless the judicial opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible and overcomes a heavy presumption of judicial impartiality." *Armstrong v Ypsilanti Charter Twp*, 248 Mich App 573, 597; 640 NW2d 321 (2001) (quotation marks and citation omitted). "Repeated rulings against a litigant, even if erroneous, are not grounds for disqualification. The court must form an opinion as to the merits of the matters before it. This opinion, whether pro or con, cannot constitute bias or prejudice." *Id*. at 597-598 (citation omitted).

In this case, the entire focus of plaintiff's judicial bias argument is on plaintiff's disagreement with the trial court's decisions. Plaintiff fails to cite any evidence showing that the trial court's rulings demonstrated bias against plaintiff or in favor of defendants. Despite plaintiff's vigorous and repeated objections, the mere fact that a judge rules against a party does not demonstrate bias or the presence of deep-seated favoritism or antagonism even if the rulings are erroneous. *Id*. Because plaintiff does not point to any fact beyond unfavorable rulings by the trial court to demonstrate bias, plaintiff has failed to overcome the heavy presumption of judicial impartiality. *Id*. at 597.

On this record, we conclude that the trial court did not abuse its discretion by denying plaintiff's motion for disqualification of Judge Brennan. Likewise, Chief Judge Colombo did not

---

[3] Plaintiff, in default proceedings below, requested a sum certain of $100,804 in damages. It is not clear from this record how she arrived at that figure.

-4-

abuse his discretion when he denied plaintiff's motion for disqualification of Judge Brennan and the entire bench. *MKK*, 286 Mich App at 564.

### III. SUMMARY DISPOSITION

Plaintiff argues in Docket No. 338761 that the trial court erred by granting summary disposition in favor of defendants. We disagree. This Court reviews de novo the trial court's grant of summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition is proper under MCR 2.116(C)(7) when a party has "immunity granted by law." The court must consider the affidavits, pleadings, depositions, admissions, and any other documentary evidence submitted by the parties to determine whether a genuine issue of material fact exists. *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact and construes them in the plaintiff's favor, unless contradicted by the parties' documentary submissions. *Patterson v Kleiman*, 447 Mich 429, 434 n 6; 526 NW2d 879 (1994). If no material facts are in dispute, and if reasonable minds could not differ regarding the legal effect of the facts, whether a claim is barred is a legal issue for the court. *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010). But if a fact issue exists that if proved provides a basis for recovery, summary disposition is not proper. *Id*.

### A. STANDARD OF REVIEW

Under MCR 2.116(C)(8), summary disposition is appropriate when a "party has failed to state a claim on which relief can be granted." "A motion for summary disposition under subrule (C)(8) tests the legal sufficiency of the pleadings alone." *Nuculovic*, 287 Mich App at 61. When reviewing a motion under this subrule, the trial court may consider only the pleadings, accepting as true all factual allegations supporting the claim and any reasonable inferences that might be drawn from the allegations. *Gorman v American Honda Motor Co*, 302 Mich App 113, 131; 839 NW2d 223 (2013). A motion under MCR 2.116(C)(8) should be granted only if no factual development could possibly justify recovery. *Id*. at 131-132.

Finally, a motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. *Maiden*, 461 Mich at 120. When reviewing a motion for summary disposition brought under subrule (C)(10), the court must examine all documentary evidence presented to it and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of material fact exists. *Dextrom*, 287 Mich App at 430. The court reviews the evidence but may not make findings of fact or weigh credibility in deciding a summary disposition motion. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). A trial court properly grants the motion when the evidence fails to establish any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

B. SUMMARY DISPOSITION PROCEDURE

As an initial procedural matter, plaintiff asserts that the trial court erred by holding hearings on defendants' summary disposition motion while plaintiff's appeal regarding the chief judge's denial of her motion to disqualify Judge Brennan was before this Court, and further that the trial court engaged in improper ex parte communications with defendants regarding defendants' motion for summary disposition. We disagree.

Plaintiff admits that she was not present at the summary disposition hearings. She contends that she believed the instant case to have been stayed because of the pendency of her appeals before this Court and our Supreme Court. Plaintiff asserts that the trial court had told her at an earlier January 13, 2017 hearing that it could not rule on her request for a show cause order against defendants because her case was stayed as a result of her application for leave to appeal, which was pending before this Court.[4] Plaintiff neglects, however, to provide the full context. Specifically, in October 2016, the trial court had granted defendants' motion to stay the proceedings. The trial court did not tell plaintiff that a stay of proceedings happened automatically by operation of law when an leave application for an interlocutory appeal was filed in this Court; to the contrary, the trial court informed plaintiff that neither the stay nor the lifting of the stay was "automatic," that the trial court had "granted a stay" to allow her interlocutory appeal to proceed, and that the trial court would need a party to request that the stay be lifted and to prepare a proposed order to lift the stay.[5] Although plaintiff appears to persist in her belief that a stay of trial court proceedings pending appeal is both granted and lifted automatically, that belief is contrary to the Michigan Court Rules. See MCR 7.209. At the time of the summary disposition motion hearing, although plaintiff again had an application for leave to appeal pending before this Court, the proceedings had not been stayed, and the trial court did not err by proceeding with the summary disposition hearing, of which plaintiff concedes she had notice.

With respect to the alleged ex parte communications, the Michigan Code of Judicial Conduct, Canon 3(A)(4), provides in pertinent part:

---

[4] The application concerned the trial court's order granting defendant's motion to set aside default, and defendant's motion for leave to file a late answer to plaintiff's complaint. In the application, plaintiff argued in part that Judge Brennan was biased and should be disqualified. This Court denied the application. See *Bassett v Wayne County*, unpublished order of the Court of Appeals, entered December 9, 2016 (Docket No. 335022). Plaintiff later filed another application for leave to appeal, seeking to have this Court review Chief Judge Colombo's denial of plaintiff's motion to disqualify Judge Brennan and then entire Wayne County bench, which this Court granted and consolidated with her appeal by right as described earlier in this opinion.

[5] The trial court allowed plaintiff to make an oral motion to lift the stay at the January 13, 2017 hearing, granted that motion, and denied plaintiff's request for a show cause order. An order was entered on January 23, 2017 reflecting this grant of plaintiff's oral motion and the lifting of the stay.

A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding, except as follows:

(a) A judge may allow ex parte communications for scheduling, administrative purposes, or emergencies that do not deal with substantive matters or issues on the merits, provided:

(i) the judge reasonably believes that no party or counsel for a party will gain a procedural or tactical advantage as a result of the ex parte communication, and

(ii) the judge makes provision promptly to notify all other parties and counsel for parties of the substance of the ex parte communication and allows an opportunity to respond.

Plaintiff mischaracterizes the regular operation of the circuit court as improper ex parte communication. The record is clear that plaintiff was made aware of the summary disposition hearings—defendants noticed the hearings in the usual manner—but plaintiff chose not to respond to defendants' motions for summary disposition or to appear for the hearings allegedly out of the mistaken belief that the proceedings had been automatically stayed. Plaintiff never sought a stay of proceedings from the trial court. Under these circumstances, plaintiff has not established error in the trial court's decision to continue with a properly-noticed hearing despite plaintiff's failure to attend.

## C. THE MERITS OF THE SUMMARY DISPOSITION ORDER

Substantively, plaintiff argues that the trial court erred when it granted defendants' motions for summary disposition because plaintiff had provided the trial court with the set-aside order signed by Judge Skutt, dated May 8, 2012, mandating that defendant Wayne County maintain a nonpublic arrest record relating to plaintiff. Plaintiff maintains that she also provided documentary evidence from DPS reflecting that it terminated plaintiff's employment based on the information it had received as a result of the background check. Therefore, plaintiff argues, it is clear from the evidence that defendants disobeyed Judge Skutt's set-aside order and that summary disposition was improper. Aside from these assertions, plaintiff does not provide any legal analysis of the counts presented in her complaint or of how the trial court erred by granting summary disposition; nonetheless, in the interests of justice we will address the trial court's rationale for doing so.

### 1. DEFENDANT WAYNE COUNTY

The trial court granted summary disposition in favor of defendant Wayne County on all counts of plaintiff's complaint because it concluded that Wayne County is governmentally immune from liability. In *Odom v Wayne Co*, 482 Mich 459, 477; 760 NW2d 217 (2008), our Supreme Court explained that a vital principle of "sovereign or governmental immunity is that the state may be held liable in a court of law only when the state has expressly permitted a suit against it." Under the Government Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, "the state

maintains its immunity when 'engaged in the exercise or discharge of a governmental function' unless the plaintiff establishes the existence of a statutorily created exception to that immunity."[6] *Odom*, 482 Mich at 479; quoting MCL 691.1407(1). When initiating litigation against a state or governmental agency, it is incumbent on a plaintiff to plead his or her "claims in avoidance of governmental immunity." *Id*. at 478-479.

In this case, plaintiff alleged that defendant Wayne County was negligent in disclosing her prior conviction because of the 2012 set-aside order permitting that record to be expunged. Plaintiff has not alleged that a statutorily-created exception to governmental immunity applies to this conduct. Defendant Wayne County, as a governmental agency, MCL 691.1401(a), (d), and (e), is immune from liability if it was "engaged in the exercise or discharge of a governmental function" at the time the alleged wrongful action occurred. MCL 691.1407(1). A "governmental function" has been defined as an "activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law." *Harrison v Director of Dep't of Corrections*, 194 Mich App 446, 450; 487 NW2d 799 (1992) (citation omitted). The operation of defendant Wayne County's Clerk's Office is expressly authorized by statute and constitutes a governmental function. MCL 600.571. There is no question that defendant Wayne County, when carrying out its county clerk's office duties, was performing a governmental function mandated by statute and that it therefore is entitled to governmental immunity. The trial court correctly granted summary disposition in favor of defendant Wayne County under MCR 2.116(C)(7).

## 2. WAYNE COUNTY CLERK

The trial court granted summary disposition in favor of defendant Wayne County Clerk Cathy M. Garrett on all counts of plaintiff's complaint because it concluded that she is absolutely immune from liability. Pursuant to MCL 691.1407(5) of the GTLA, "[a] judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority." Plaintiff brought an action against defendant Wayne County Clerk Cathy M. Garrett in her official capacity and does not dispute that she is the highest elected official in the Wayne County Clerk's office and is, therefore, absolutely immune from liability. The trial court correctly granted summary disposition in favor of defendant Wayne County Clerk Cathy M. Garrett under MCR 2.116(C)(7).

## 3. DEFAMATION/SLANDER CLAIMS

The trial court granted summary disposition in favor of all defendants on plaintiff's claims for defamation/slander because it concluded that the claims were barred by the applicable

---

[6] The statutory exceptions to governmental immunity are limited to the following: (1) the highway exception, MCL 691.1402; (2) the motor-vehicle exception, MCL 691.1405; (3) the public-building exception, MCL 691.1406; (4) the proprietary-function exception, MCL 691.1413; (5) the governmental-hospital exception, MCL 691.1407(4); and (6) the sewage-disposal-system-event exception, MCL 691.1417(2) and (3). O*dom*, 482 Mich at 478 n 62.

statute of limitations. A one-year limitations period for defamation claims is found in MCL 600.5805(1), (9), which provides:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
>
> * * *
>
> (9) The period of limitations is 1 year for an action charging libel or slander.

Therefore, defamation claims must be filed within one year from the date the claim first accrued. "A defamation claim accrues when 'the wrong upon which the claim is based was done regardless of the time when damage results.' " *Mitan v Campbell*, 474 Mich 21, 24; 706 NW2d 420 (2005), quoting MCL 600.5827. Judge Skutt entered the set-aside order on May 8, 2012. DPS terminated plaintiff's employment as a cheerleading coach on May 30, 2014, due to a failed background check. Plaintiff filed her complaint in this matter on May 23, 2016, nearly two years after DPS received the background check information and terminated plaintiff's employment. The trial court properly determined that plaintiff's defamation and slander claims were subject to dismissal because both claims are barred by operation of the relevant period of limitations. MCR 2.116(C)(7).

### 4. "VIOLATION OF PRIVACY ACT, 1993"

The trial court granted summary disposition in favor of all defendants on plaintiff's claim of "Violation of Privacy Act, 1993" because it concluded that plaintiff had failed to state a claim on which relief could be granted. Plaintiff fails to specify the act to which she referred, or to provide a proper legal citation or other identifier.

> "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." [*Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).]

Without more, we deem this claim abandoned. *Id*.

### 5. TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS

The trial court granted summary disposition in favor of all defendants on plaintiff's claim for tortious interference with economic relations because it concluded that plaintiff had failed to state a claim on which relief could be granted. MCR 2.116(C)(8). The elements of a claim for tortious interference with economic relations (also called tortious interference with a business relationship or prospective economic relations) are:

-9-

(1) the existence of a valid business relationship or expectancy that is not necessarily predicated on an enforceable contract, (2) knowledge of the relationship or expectancy on the part of the defendant interferer, (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy, and (4) resulting damage to the party whose relationship or expectancy was disrupted. [*Health Call of Detroit v Atrium Home & Health Care Servs, Inc*, 268 Mich App 83, 90; 706 NW2d 843 (2005) (citations omitted).]

To prove intentional interference, a plaintiff must show that otherwise lawful acts were committed with "malice and without justification." *Mino v Clio Sch Dist*, 255 Mich App 60, 78; 661 NW2d 586 (2003) (citation omitted). Thus, a plaintiff must prove specific "affirmative acts by the defendant that corroborate the improper motive of the interference. Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference." *Id*. Here, plaintiff did not allege that any of defendants had any knowledge of the relationship between plaintiff and DPS, much less that they maliciously interfered with it. The trial court did not err by concluding that plaintiff had failed to properly plead the elements of this claim. MCR 2.116(C)(8); *Gorman*, 302 Mich App at 131-132.

### 6. UNKNOWN DEPUTY CLERK

Finally, after a separate hearing, the trial court granted summary disposition in favor of defendant unknown deputy clerk on the last remaining count, neglect of duty, ruling that there is no civil cause of action for "neglect of duty" and that even when construed as a negligence claim, the count fails. Governmental employees possess qualified immunity for injuries they cause while they are acting within the scope of their employment "if they are acting or reasonably believe they are acting within the scope of their authority, if they are engaged in the exercise or discharge of a governmental function, and if their conduct does not amount to gross negligence that is the proximate cause of the injury or damage." *Love v Detroit*, 270 Mich App 563, 565; 716 NW2d 604 (2006). "Gross negligence" is defined by the GTLA as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).[7] Evidence of ordinary negligence is not enough to establish a material question of fact regarding whether a government employee was grossly negligent. *Chelsea Inv Group LLC v Chelsea*, 288 Mich App 239, 265; 792 NW2d 781 (2010).

MCL 600.571 expressly directs that the county clerk serve as the clerk for the circuit court. Accordingly, defendant unknown deputy clerk would be entitled to governmental immunity if the conduct underlying the claim did not rise to the level of gross negligence. Plaintiff never alleged that defendant unknown deputy clerk engaged in grossly negligent

---

[7] In 2012, when Judge Skutt entered the order in question and the unknown deputy clerk apparently did not forward it to the Michigan State Police, this definition appeared in MCL 691.1407(7)(a).

conduct. Further, the record reveals that, at best, the unknown deputy clerk was negligent in failing to forward a court order to the Michigan State Police in a timely fashion. On this record, plaintiff has failed to establish a genuine issue of material fact that defendant unknown deputy clerk's conduct was "so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Therefore, the trial court properly granted summary disposition in favor of this defendant. MCR 2.116(C)(7), (10).

For these reasons, the trial court properly granted summary disposition on all counts in defendants' favor.

Affirmed.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra