BRIGGS v OAKLAND COUNTY

Docket No. 268730. Submitted June 6, 2007, at Detroit. Decided July 31,
    2007, at 9:00 a.m. Leave to appeal denied, 480 Mich ___.

Tom Briggs, as personal representative of the estate of Thomas M.
    Briggs, deceased, brought an action in the Oakland Circuit Court
    against Oakland County and certain Oakland County sheriff's
    deputies and nurses at the Oakland County jail. The decedent had
    been injured while detained at the jail, and the plaintiff alleged
    that the decedent's injuries were the result of gross negligence and
    medical malpractice during his treatment at the jail clinic. The
    court, Denise Langford Morris, J., granted summary disposition
    for the defendants, ruling that the medical care exception to
    governmental immunity from tort liability, MCL 691.1407(4), does
    not apply to this case and that factual support was lacking for the
    plaintiff's claim that the defendants had been grossly negligent
    and that such negligence proximately caused the decedent's inju-
    ries, MCL 691.1407(2)(c). The plaintiff appealed the dismissal of
    the action with respect to two of the deputies and all three nurses.

    The Court of Appeals held:

    1. The trial court erred in ruling that the medical care excep-
    tion to governmental immunity does not apply to this case. MCL
    691.1407(4) of the governmental tort immunity act provides that
    the act does not grant immunity to a governmental agency or an
    employee or agent of a governmental agency with respect to
    providing medical care or treatment to a patient. The defendants
    did not dispute that they were employees or agents of a govern-
    mental agency and that they had provided medical care or treat-
    ment to a patient, i.e., the decedent. Accordingly, the medical care
    exception applies to this case.

    2. The trial court did not err by ruling that there was insuffi-
    cient evidence that two nurses and two deputies acted with gross
    negligence that proximately caused the decedent's injuries. Al-
    though there was sufficient evidence to create a factual issue
    concerning whether the remaining nurse was grossly negligent,
    there was insufficient evidence to create any factual dispute
    regarding whether her actions had proximately caused the dece-
    dent's injuries.

Reversed in part, affirmed in part, and remanded for further proceedings.

GOVERNMENTAL IMMUNITY — MEDICAL CARE EXCEPTION — COUNTY JAIL CLINICS AND MEDICAL PERSONNEL.

Medical personnel of a county jail clinic are not immune from tort liability for negligence related to their provision of medical care or treatment to county jail inmates (MCL 691.1407[4]).

*Fieger, Fieger, Kenney & Johnson, P.C.* (by *Victor S. Valenti*), for the plaintiff.

*Potter, DeAgostino, O'Dea & Patterson* (by *Steven M. Potter* and *Rick J. Patterson*) for the defendants.

Before: BANDSTRA, P.J., and ZAHRA and FORT HOOD, JJ.

BANDSTRA, P.J. Plaintiff appeals as of right the trial court's order granting defendants' motions for summary disposition pursuant to MCR 2.116(C)(7) and (10). We conclude that the medical care exception to governmental immunity, MCL 691.1407(4), applies here and that, therefore, defendants may be subject to liability in this medical malpractice case. We reverse.

### BACKGROUND FACTS AND PROCEEDINGS BELOW

Plaintiff's decedent was detained at the Oakland County jail and was injured when he fell from an upper bunk. Some time later, allegedly as a result of that injury, plaintiff's decedent died in the jail clinic. Plaintiff alleges that the actions or inactions of the defendants[1] proximately caused that death.

---

[1] Plaintiff conceded that the dismissal of its claims against defendants Oakland County, Supervisor Jeffrey Devita, Sergeant Jeffrey Clark, Deputy Richard Hubble, Deputy Theodore Ryndress, and Deputy Jeffrey Jones was proper. Accordingly, plaintiff only challenges the dismissal of

Defendants moved for summary disposition following discovery, claiming that they were protected from any liability under the governmental immunity statute, MCL 691.1407(1) and (2). Specifically, they argued that two exceptions to that statutory immunity do not apply here. First, defendants argued that the exception for medical care does not apply under the facts of this case. See MCL 691.1407(4). Further, defendants claimed that there is no factual support for plaintiff's claim that defendants acted with "gross negligence" or that such negligence proximately caused the decedent's injuries. See MCL 691.1407(2)(c). The trial court accepted these arguments and entered an order summarily dismissing plaintiff's claims.

### ANALYSIS

We review de novo the trial court's grant of summary disposition. *Dressel v Ameribank,* 468 Mich 557, 561; 664 NW2d 151 (2003); *Maiden v Rozwood,* 461 Mich 109, 118-119; 597 NW2d 817 (1999). The applicability of governmental immunity is a question of law, which we also review de novo. *Davis v Detroit,* 269 Mich App 376, 378; 711 NW2d 462 (2005); *Herman v Detroit,* 261 Mich App 141, 143; 680 NW2d 71 (2004).

MCL 691.1407(4) provides that the statute "does not grant immunity to a governmental agency or an employee or agent of a governmental agency with respect to providing medical care or treatment to a patient . . . ."[2] We must, of course, give effect to the intent

its claims against Deputy David Szydlowski, Deputy Benito Vasquez, Nurse Sandy Stetz, Nurse Debbie Tipton, and Nurse Connie Zamora on appeal.

[2] There are exceptions to this exception, but none of them applies here. There is no contention that the jail clinic where the decedent was provided care and treatment is "a hospital owned or operated by the

of the Legislature as expressed by this plain language. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 672; 719 NW2d 1 (2006). In so doing, we conclude that this case clearly falls within the exception. Defendants raise no challenge to the facts that they are "employee[s] or agent[s] of a governmental agency" or that they were "providing medical care or treatment to" the decedent, as a "patient," before his death. Accordingly, the statute simply "does not grant immunity" to defendants under the facts of this case and, if plaintiff succeeds on the merits, liability may be imposed.[3]

To avoid that result, defendants argue that the current language of the statute, enacted in a 2000 amendment, was not intended to broaden the exception found in the previous language. Before the 2000 amendment, the MCL 691.1407(4) exception applied only to "a governmental agency with respect to the ownership or operation of a hospital or county medical care facility . . . ." See *Vargo v Sauer*, 457 Mich 49, 52 n 2; 576 NW2d 656 (1998). Under that previous language, the exception to immunity would not have applied to this case because the jail clinic is not a hospital or county medical care facility. Defendants claim that there is

department of community health or a hospital owned or operated by the department of corrections," or that decedent's care or treatment was provided by "an uncompensated search and rescue operation medical assistant or tactical operation medical assistant." See MCL 691.1407(4).

[3] For purposes of the present appeal, we assume that all defendants were engaged in the provision of medical care or treatment to the decedent under the statutory exception. Individual defendants, especially Deputy Szydlowski and Deputy Vasquez, who are not medical professionals, may well argue on remand that this assumption is without factual support with respect to them. The trial court was not presented with this question, but, instead, decided broadly and incorrectly that the "medical care" exception was inapplicable to all defendants. Thus, the record pertaining to factual distinctions between the defendants with regard to this issue may not have been adequately developed and, in any event, this fact-specific determination should be made initially by the trial court.

nothing in the legislative history of the 2000 amendment to suggest that there was any legislative intent to extend liability to jail clinics or other venues other than hospitals or county medical care facilities.

It appears from the legislative analyses that defendants have presented that this is, in fact, true. The only purpose evidenced by those documents was the Legislature's intent to address an apparent inequity in the operation of the previous statute, whereby doctors at Michigan State University were afforded immunity (because they provided care and treatment in private hospitals) while doctors from other state universities were subject to liability (because they provided care and treatment in hospitals owned or operated by the universities). See *id.* at 59-64. Clearly, amending the statute to allow liability for medical care and treatment provided in a wide variety of venues, including jail clinics as in this case, had nothing to do with that purpose and intent.

Nonetheless, we must give effect to the legislative intent of the statute as gathered from the plain language of the statute itself. *Cameron v Auto Club Ins Ass'n*, 476 Mich 55, 63; 718 NW2d 784 (2006) ("[W]e must assume that the thing the Legislature wants is best understood by reading what is said."). " 'If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written.' " *46th Circuit Court v Crawford Co*, 476 Mich 131, 157; 719 NW2d 553 (2006), quoting *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). In other words, because the statute's language is unambiguous, we must presume that the intent is what has been clearly expressed and "no further judicial construction is . . . permitted." *People v Cleveland Williams*, 475 Mich 245, 250; 716

NW2d 208 (2006). More specifically in response to defendants' argument, "[a]bsent an ambiguity in the statute, we must forgo . . . an examination of legislative history." *Taylor v Lansing Bd of Water & Light*, 272 Mich App 200, 207; 725 NW2d 84 (2006). Because the "medical care" exception to governmental immunity clearly applies here, we reverse the trial court's decision to grant defendants summary disposition under the governmental immunity statute.

Plaintiff also claims that the trial court erred by concluding that there was insufficient evidence that defendants acted with gross negligence that proximately caused the decedent's injuries under the MCL 691.1407(2)(c) exception to immunity.[4] Our disposition of the issue relating to the "medical care" exception probably renders that argument moot. Yet, we briefly consider it in case it might again become an issue on remand; for example, one or more of the defendants might successfully argue that, with respect to them, the "medical care" exception is inapplicable. See n 3, *supra*. The determination whether a governmental employee's conduct constituted gross negligence that proximately caused the complained-of injury under MCL 691.1407 is generally a question of fact, but, if reasonable minds could not differ, a court may grant summary disposition. *Tarlea v Crabtree*, 263 Mich App 80, 88, 93-94; 687 NW2d 333 (2004). Having fully reviewed the record regarding defendants Debbie Tipton, Sandy Stetz, Benito Vasquez, and David Szydlowski, we affirm the trial court's conclusion that there was no genuine issue of fact that they did not act with gross negligence. Further, although there was sufficient evidence to create a

---

[4] Plaintiff also raises an argument about the statutory cap on damages, an issue not ripe for our review as it has not been addressed by the trial court.

factual issue regarding whether defendant Connie Zamora acted with gross negligence, there was insufficient evidence to create any factual dispute concerning whether her actions "proximately caused" the decedent's injuries. Accordingly, we affirm the trial court's conclusion that the "gross negligence" exception to immunity does not apply to the facts of this case.

We reverse in part, affirm in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.