# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHAEL A. RAY and JACQUELINE M. RAY,
as co-conservators for KERSCH RAY, a minor,

        Plaintiffs-Appellees,

v

ERIC SWAGER,

        Defendant-Appellant,

and

SCOTT ALLEN PLATT, HEATHER MARIE
PLATT, AND LIBERTY MUTUAL
INSURANCE COMPANY,

        Defendants.

FOR PUBLICATION
October 24, 2017
9:10 a.m.

No. 322766
Washtenaw Circuit Court
LC No. 12-001337-NI

---

ON REMAND

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

This case is before us on remand from the Michigan Supreme Court. Previously, defendant Eric Swager appealed to this Court as of right, asserting that the trial court erred by denying his motion for summary disposition on governmental immunity grounds under the Governmental Tort Liability Act (GTLA), MCL 691.1401 *et seq*. In our prior opinion, we reversed the trial court's decision and remanded for entry of summary disposition in Swager's favor based on the conclusion that reasonable minds could not conclude that Swager was "the proximate cause" of plaintiff Kersch Ray's injuries. *Ray v Swager*, unpublished opinion of the Court of Appeals, issued October 15, 2015 (Docket No. 322766). Ray appealed to the Michigan Supreme Court, and the Michigan Supreme Court announced a new framework to clarify the process for determining "the proximate cause" in the context of the GTLA. See *Ray v Swager*, __ Mich __, __: __ NW2d __ (2017); slip op at 8-16. The Supreme Court vacated our decision and remanded for reconsideration in light of its decision in *Ray*. *Id.* at 28. On remand, because issues of material fact remain that preclude summary disposition, we affirm the trial court's denial of Swager's motion for summary disposition and remand for further proceedings.

-1-

On September 2, 2011, 13-year-old Ray was struck by an automobile driven by Scott Platt. The accident occurred at the intersection of Freer Road and Old US-12 while Ray was running with the Chelsea High School cross-county team. Swager—the team's coach—was running with the team that morning. As the team approached the intersection in question, they encountered a "red hand" on the pedestrian signal, indicating that pedestrians should not cross the road. See MCL 257.613(2)(b). Although the eyewitness accounts vary, there is evidence that Swager said something to effect of "let's go," and the team crossed the street. Ray, who was in the back of the group, ran into the road and he was hit by Platt.

Following the accident, Ray filed the current lawsuit. Swager moved for summary disposition on governmental immunity grounds, asserting that he was entitled to immunity as a governmental employee under MCL 691.1407(2) because he had not been "grossly negligent" and his conduct was not "the proximate cause" of plaintiff's injuries. The trial court denied Swager's motion, concluding that the case was "fact laden." Swager then appealed to this Court as of right, and we reversed the decision of the trial court and remanded for the entry of summary disposition in favor of Swager. Specifically, we concluded that Swager's verbal remarks could not reasonably be considered "the proximate cause" of Ray's injuries within the meaning of the GTLA considering the other more immediate and direct causes of Ray's injuries, including Ray's own conduct in entering the street and the fact that Ray was hit by a car driven by Platt.

The Michigan Supreme Court vacated our decision and remanded for reconsideration under a framework that clarifies "the role that factual and legal causation plan when analyzing whether a defendant's conduct was 'the proximate cause' of a plaintiff's injuries under the GTLA." *Ray*, __ Mich at __; slip op at 8. The analysis under this framework begins by determining whether the defendant's gross negligence was a cause in fact of the plaintiff's injuries. *Id.* at 8, 28. Provided that a defendant's gross negligence is a factual cause, it must then be considered whether the defendant was a proximate or legal cause by addressing foreseeability and whether the actor may be held legally responsible for his or her conduct. *Id.* at 8-9, 18. In addition to considering the governmental actor's conduct, it must also be decided whether there are other proximate causes of the injury. *Id.* at 9, 18-19. Determining whether there are other proximate causes requires consideration of whether any other human person was negligent because "only a human actor's breach of a duty can be a proximate cause." *Id.* at 16, 18-19. "Nonhuman and natural forces" may bear on the question of foreseeability and intervening causes for purposes of analyzing proximate cause, but they can never be considered the proximate cause of a plaintiff's injuries for the purposes of the GTLA. *Id.* at 16.

Once the various proximate causes have been determined, the question then becomes whether, taking all possible proximate causes into account, the government actor's gross negligence was "the proximate cause" of injury. *Id.* at 28. This requires "considering [the] defendant's actions alongside any other potential proximate causes to determine whether [the] defendant's actions were, or could have been, 'the one most immediate, efficient, and direct cause' of the injuries." *Id.* at 20. The relevant inquiry is not whether the defendant's conduct was the immediate factual cause of injury, but whether, weighing the legal responsibilities of the actors involved, the government actor could be considered "the proximate cause." *Id.* at 15-16.

Considering this standard in the context of the current case, we conclude that there are material questions of factual dispute which prevent us from assessing the actors' respective

negligence, weighing their competing legal responsibilities, determining "the proximate cause" of Ray's injuries, and resolving Swager's claim to governmental immunity as a matter of law.[1] In particular, from the record before us, it appears there are three persons whose conduct could potentially be considered a proximate cause—Swager, Ray, and Platt. See *Ray*, __ Mich at __; slip op at 18. However, the record before us is not uncontested with regard to the facts and circumstances surrounding the actions taken by these individuals. Instead, there are numerous accounts of the accident in the record before us, and these accounts differ widely in terms of the configuration of the group of runners, precisely what Swager said, and to whom he said it.

In our previous opinion, we concluded that these factual disputes were not material because, even if Ray heard Swager, Swager's verbal remarks were simply too remote to be considered the one most immediate, efficient and direct cause of Ray's injuries given that Ray ultimately ran into the street under his own power and he was then struck by a car driven by Platt. *Ray*, unpub op at 3-4. However, under the standard set forth by the Supreme Court in *Ray*, these factual disputes now preclude summary disposition. For instance, one of the main points of factual contention is how far Ray trailed the group of runners. Ray's location relative to the rest of the group bears on whether he even heard Swager, whether Swager's instruction applied to Ray, whether Ray had a duty to independently evaluate the safety of the road before crossing, and whether Ray could be considered negligent in relying on Swager's remark. Whether Swager's instruction applied to Ray—and how far Ray trailed the group—is also material to determining whether Swager was grossly negligent[2] in giving this instruction and whether it was foreseeable that Ray would follow Swager into the road without looking. Aside from the actions of Swager and Ray, there are also factual disputes regarding Platt's conduct, including debate over whether he accelerated as he approached a yellow light despite the presence of numerous runners in the area. In short, given the myriad variables affecting the actors' respective negligence and legal responsibility, and in light of the factual disputes relating to these issues, we cannot conclude as a matter of law that Swager was not grossly negligent and that this gross negligence did not constitute the proximate cause of Ray's injuries. See MCL 691.1407(2)(c). Consequently, Swager was not entitled to summary disposition based on immunity granted by the GTLA. See *Poppen*, 256 Mich App at 354. Thus, we affirm the circuit court order denying Swager's motion for summary disposition.

Affirmed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Joel P. Hoekstra

---

[1] See *Poppen v Tovey*, 256 Mich App 351, 354; 664 NW2d 269 (2003) ("If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether a claim is barred by immunity is a question for the court to decide as a matter of law.").

[2] " 'Gross negligence' means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).