*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY MICHAEL COLLINS,

　　　　　Plaintiff-Appellee,

v

ASHLEY KOFAHL and CITY OF YPSILANTI,

　　　　　Defendants-Appellants.

UNPUBLISHED
March 21, 2019

No.　340508
Washtenaw Circuit Court
LC No.　16-000332-NI

Before:　M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

BOONSTRA, J. (*concurring*).

　　　　I join in full the reasoning of the majority with regard to the municipal defendant. I also agree with the majority that a genuine issue of material fact exists with regard to defendant Kofahl's alleged gross negligence, but write separately to expand a bit on my rationale.

　　　　Although excessive speed, by itself, does not ordinarily constitute gross negligence, "under certain circumstances, a violation of the speed limit can be gross negligence." See *People v McCoy*, 223 Mich App 500, 502; 566 NW2d 667 (1997).[1] The "appropriate consideration is not whether defendant was exceeding the speed limit, but rather, whether defendant acted with gross negligence under the totality of the circumstances, including defendant's actual speed and the posted speed limit." *Id*. at 504. "This is a question that ordinarily is for the jury." *Id*. Here, taken in the light most favorable to the plaintiff, I agree that a genuine issue of material fact exists regarding whether Officer Kofahl's actions in turning off her emergency lights before reducing her speed (thus rendering her vehicle more difficult for plaintiff to observe) and then entering a busy intersection, in a commercial district, at rush hour, while traveling nearly twice the legal limit, constitutes gross negligence, and that it is appropriate under these circumstances to leave it to the factfinder to determine whether that conduct reflected "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results," MCL 691.1407(8)(a), or an "almost a willful disregard of precautions or measures to

---

[1] The defendant in *McCoy* was charged with felonious driving, MCL 752.191, and vehicular manslaughter, MCL 750.321, both of which require a finding of gross negligence for conviction.

attend to safety and a singular disregard for substantial risks." *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004).

I primarily write separately to reiterate my concerns with the analytic framework set forth in *Ray v Swager*, 501 Mich 52, 74-76; 903 NW2d 366 (2017) (*Ray I*), which I expressed in *Ray v Swager (On Remand)*, 321 Mich App 755, 762-771; 909 NW2d 917 (2017) (*Ray II*) (BOONSTRA, J., concurring). For all of the reasons I articulated in that opinion, I believe that the Supreme Court's decision in *Ray I* failed to achieve the desired clarity with regard to the meaning of "the proximate cause" as used in the governmental tort liability act (GTLA). See MCL 691.1407(2)(c).

Notwithstanding the confusion that I believe *Ray I* has engendered, I note that the Supreme Court in that case repeatedly re-endorsed its earlier analysis in *Robinson v Detroit*, 462 Mich 439; 613 NW2d 307 (2000). See, *Ray I*, 501 Mich at 65, 69-70, 72, 74, 76, 78, 83. That analysis would simply require us to determine whether genuine issues of material fact exist regarding: (1) whether defendant's conduct was grossly negligent, *Tarlea*, 263 Mich App at 90; (2) if so, then whether defendant's conduct was a cause in fact and legal cause of plaintiff's injury, *Craig v Oakwood Hosp*, 471 Mich 67, 86-88; 684 NW2d 296 (2004); and (3) if so, then whether defendant's conduct was the most immediate, efficient, and direct cause of plaintiff's injury, or whether, instead, plaintiff acted in a reckless manner that superseded defendant's conduct as "the one most immediate, efficient, and direct cause" of plaintiff's injury, *Robinson*, 462 Mich at 462.

For the reasons noted, I conclude that under these circumstances the first prong of this analysis has been satisfied, and that defendant is not entitled to summary disposition on that basis. Defendants do not contest the second prong on appeal. With regard to the third prong of the analysis, I agree that there is in this case at least a genuine issue of material fact regarding whether Officer Kofahl's actions, if found to be grossly negligent, and if found to be a cause in fact and a legal cause of plaintiff's injury, were "the proximate cause" of the accident. However, I would base that conclusion on the long-standing principle that intervening causes based in ordinary, rather than gross, negligence are generally considered reasonably foreseeable and are not superseding. See, e.g., *People v Schaefer*, 473 Mich 418, 439; 703 NW2d 774 (2005) ("While an act of God or the gross negligence or intentional misconduct by the victim or a third party will generally be considered a superseding cause, ordinary negligence by the victim or a third party will not be regarded as a superseding cause because ordinary negligence is reasonably foreseeable.") In other words, because there has yet been no determination of the degree of plaintiff's negligence (if any), there is a genuine issue of material fact regarding whether plaintiff's conduct in turning into the intersection was foreseeable or, alternatively, whether it was a non-foreseeable, superseding cause that cut off defendant's liability. *Id*. I further note that defendants on appeal argue only that plaintiff was "negligent," and present no argument that plaintiff was "grossly negligent."

For all of these reasons, I concur in the result reached by the majority, and in its reasoning to the extent reflected in this opinion.

/s/ Mark T. Boonstra