*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BARRY LATARTE and MARY HELEN
LATARTE,

UNPUBLISHED
June 3, 2021

Plaintiffs-Appellees,

v

No. 354486
Saginaw Circuit Court
LC No. 18-038302-NI

DESHAWN HARRIS,

Defendant-Appellant.

Before: SHAPIRO, P.J., and JANSEN and BECKERING, JJ.

JANSEN, J. (*dissenting*).

I do not believe defendant's conduct amounted to gross negligence, and therefore I would reverse the trial court's order denying defendant summary disposition on the basis of governmental immunity. Accordingly, I respectfully dissent.[1]

The majority thoroughly and accurately summarizes the applicable statutes and caselaw, and I agree with the majority's conclusion that defendant, "a police officer for the city of Saginaw, was acting within the scope of his authority in the exercise of a governmental function." However, I disagree with the majority's conclusion that defendant's conduct could constitute gross negligence, and moreover, I cannot conclude that his conduct was *the* proximate cause of plaintiff's injuries. As the majority notes, MCL 691.1407(8)(a) defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether any injury results." This Court has explained that grossly negligent conduct amounts to "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Wood v Detroit*, 323 Mich App 416, 424; 917 NW2d 709 (2018).

---

[1] I do, however, agree with the majority's conclusion that defendant's argument regarding whether plaintiff sustained a serious impairment of a body function is not properly before this Court, and should not be considered at this time.

Indeed, defendant's conduct was negligent. Traveling over twice the posted speed limit through a busy intersection on wet pavement is negligent, particularly where another motorist's ability to appreciate the speed of his approach or defendant's own ability to react may be affected. However, I agree with defendant's position that his conduct does not rise to the level of gross negligence, and is legally excused, because he was responding to an emergency call concerning a suicidal individual that required him to turn off his emergency lights and sirens so as to avoid alerting the agitated individual. Under the particular facts of this case, I find persuasive MCL 257.603(5), which provides that "[a] police vehicle shall retain the exemptions granted in this section to an authorized emergency vehicle without sounding an audible signal if the police vehicle is engaged in an emergency run in which silence is required." In my view, defendant's conduct was reasonable in light of the circumstances. Moreover, there is no evidence that the way in which defendant and his partner responded to the call for an agitated individual was incorrect, or against police policy.

I further agree with defendant's position that he was not *the* proximate cause of plaintiff's injuries: plaintiff was also at fault for the accident because she failed to yield to oncoming traffic before making a left-hand turn. Defendant was traveling behind Officer Booth who also proceeded through the intersection at a high rate of speed. In my view, a reasonably prudent person would have paused before attempting to turn left in front of oncoming traffic after seeing Officer Booth come through the intersection. Moreover, plaintiff testified in her deposition that after looking, she believed she had enough time to turn left. Plaintiff's failure to accurately judge the speed and distance of oncoming traffic was also a proximate cause of her injuries, and I would conclude the most "immediate, efficient, and direct cause of [her] injuries." *Ray v Swager (On Remand)*, 321 Mich App 755, 760; 909 NW2d 917 (2017).

On the basis of the foregoing, I would reverse, vacate the trial court's order denying defendant's motion for summary disposition, and remand for entry of an order granting summary disposition in favor of defendant.

/s/ Kathleen Jansen