*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MYAIR BARNETT, by her Next Friend, REGINA PORTER,

Plaintiff-Appellee,

v

DEJA SHARDONNAY JACKSON, NINA RICCI JACKSON, and FLINT MASS TRANSPORTATION AUTHORITY,

Defendants,

and

FRANCHEZKA FLYNN,

Defendant-Appellant.

UNPUBLISHED
September 2, 2021

No. 353401
Genesee Circuit Court
LC No. 18-111579-NO

Before: SHAPIRO, P.J., and JANSEN and BECKERING, JJ.

PER CURIAM.

Defendant Franchezka Flynn appeals as of right the trial court's order denying her motion for summary disposition based on governmental immunity.[1] We affirm.

## I. BACKGROUND

This case arises from a motor vehicle accident occurring on June 27, 2018, on N. Grand Traverse Street in Flint. Defendant Flint Mass Transportation Authority (MTA) provides transportation services for children to and from various charter or private schools. The routes used during student transport hours were called "peak service" routes. The peak-service routes had established stops in neighborhoods typically within two blocks of the homes of the students.

---

[1] Defendants Deja Shardonnay Jackson, Nina Ricci Jackson, and Flint Mass Transportation Authority are not parties to this appeal.

Although these MTA buses had a classic school-bus shape (long-nosed), they were white rather than school-bus yellow and had an MTA logo rather than a school logo on the side. The bus had the yellow and white four-way flashers typical to city buses but lacked the red flashing lights that school buses are required to have as well as the extendable stop sign used to prevent traffic from moving around a bus while students are alighting.

At around 5:00 p.m., Flynn was driving and the seven-year-old plaintiff was riding the bus home from North Ridge Academy. At least three other students were on the bus. Flynn had been driving a bus for MTA for approximately two months. Normally, plaintiff's older brother rode the bus with her, and after exiting he would escort her to the back of the bus and then across the street after the bus left. On July 27, 2018, the last day of school, plaintiff was not accompanied by her brother, and Flynn stopped on Grand Traverse, directly across from plaintiff's house, although this was not the established bus stop and, according to Flynn, there was a crosswalk "four or five houses" away. Flynn testified that she activated the bus's four-way flashers upon stopping. Before plaintiff exited the bus, a black car crossed the double yellow line and went around the bus. According to Flynn, the seven-year-old then exited the bus, put her bookbag over her head because it was raining, and "took off" running across the street in front of the bus.

Sixteen-year-old defendant Deja Jackson was driving home from her ex-boyfriend's house at that time. She turned right onto Grand Traverse from Welch Street, and saw the black car pass the bus. Jackson had ridden an MTA bus to and from school herself, but there was nothing about this bus that told her that it was transporting students.[2] She testified that when she stopped behind the bus, its four-way flashers were not turned on, contrary to Flynn's testimony that they were. Having seen the black car go around the bus and seeing no pedestrians or other indication that she should not go around the bus, Jackson proceeded and struck plaintiff just as she came out from in front of the bus. Jackson testified that she was not speeding and there was no testimony to the contrary. Kevin Galloway, the assistant manager of transportation services for MTA and Flynn's supervisor, came to the scene and finished the route. Flynn was issued a written reprimand from Galloway for allowing a passenger to cross the street in front of the bus instead of behind.

Plaintiff, by her next friend, filed a complaint against Flynn, MTA, Jackson, and Nina Jackson, the owner of the vehicle Jackson was driving. Relevant to this appeal, plaintiff alleged gross negligence against Flynn and that MTA was vicariously liable for Flynn's conduct under the doctrine of respondeat superior. Flynn and MTA moved for summary disposition under MCR 2.116(C)(7) (immunity) and (10) (no genuine issue of material fact). The trial court granted MTA summary disposition because the accident did not involve physical contact of the bus with another vehicle or a pedestrian. See *Curtis v City of Flint*, 253 Mich App 555, 562; 655 NW2d 791 (2002).

_____

[2] She also testified that when she used to ride the MTA buses home from school "younger students . . . either had to have a parent present or had to be let off at the corners and stuff, they couldn't be let off in the middle of the [block]." She also stated that she did not think this MTA bus was carrying students because "as late as it was, I didn't really think school would be getting out" and that she could not see who the passengers were because of the bus's tinted windows.

The court, however, denied Flynn summary disposition, concluding that there were genuine issues of material fact on gross negligence and causation.

## II. ANALYSIS

Flynn argues that she is entitled to summary disposition because there is not a genuine issue of material fact on either factual or legal causation. We disagree.[3]

Under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, governmental employees acting within the scope of their authority are generally immune from tort liability. *Tarlea v Crabtree*, 263 Mich App 80, 89; 687 NW2d 333 (2004). However, governmental employees are not immune from liability if their conduct amounts to "gross negligence that is the proximate cause of the injury or damage." MCL 691.1407(2)(c).

It is undisputed that at the time of the accident Flynn was acting within the scope of her authority and was engaged in a governmental function. And, at least for purposes of this appeal, Flynn does not contest the trial court's conclusion that genuine issues of material fact existed regarding gross negligence. Thus, the sole issue before us is whether plaintiff established a question of material fact as to causation. "The determination whether a governmental employee's conduct constituted gross negligence that proximately caused the complained-of injury under MCL 691.1407 is generally a question of fact, but, if reasonable minds could not differ, a court may grant summary disposition." *Briggs v Oakland Co*, 276 Mich App 369, 374; 742 NW2d 136 (2007).

---

[3] We review de novo a trial court's decision to grant or deny summary disposition. *Galea v FCA US LLC*, 323 Mich App 360, 368; 917 NW2d 694 (2018). Summary disposition may be granted under MCR 2.116(C)(7) for an "immunity granted by law." In *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008), we summarized the standards for analyzing a motion brought under that subrule:

> [T]his Court must consider not only the pleadings, but also any affidavits, depositions, admissions, or other documentary evidence filed or submitted by the parties. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. This Court must consider the documentary evidence in a light most favorable to the nonmoving party. If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate. [Citations omitted.]

Flynn also moved for summary disposition under MCR 2.116(C)(10). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A genuine issue of material fact exists if, when reviewing the record in the light most favorable to the nonmoving party, an issue upon which reasonable minds might differ remains open. *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013).

"In a negligence action, a plaintiff must establish both factual causation, i.e., the defendant's conduct in fact caused harm to the plaintiff, and legal causation, i.e., the harm caused to the plaintiff was the general kind of harm the defendant negligently risked." *Ray v Swager*, 501 Mich 52, 63; 903 NW2d 366 (2017) (quotation marks and citation omitted). "Factual causation requires showing that 'but for' the defendant's actions, plaintiff's injury would not have occurred." *Kroll v DeMorrow*, 505 Mich 954, 954 (2020). "The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." *Skinner v Square D Co*, 445 Mich 153, 165; 516 NW2d 475 (1994) (quotation marks and citations omitted). "If factual causation cannot be established, then proximate cause, that is, legal causation, is no longer a relevant issue." *Ray*, 501 Mich at 64.

In its opinion and order regarding summary disposition, after providing the proper framework as provided in *Ray*, 501 Mich 52, the trial court concluded as follows:

> Plaintiff puts forth assertions that she believes create factual issues regarding gross negligence and proximate cause that meet the standard put forth in *Ray*. These include: the extreme young age of the child (who was without the assistance of her older brother that day), the drop off in the middle of a busy block and not at an intersection, the failure to activate the flashing red lights, the failure to escort or assist the child, and the allowance of the child to walk in front of the bus, which created a blind spot. Much of this conduct was criticized by an MTA representative in a report issued after the accident. The driver of the car that hit the Plaintiff testified that she was not speeding and that there was no way for her to see the child.

> Based upon *Ray*, the Court finds that there are genuine issues of material fact with regard to Plaintiff's claim that Defendant Flynn was grossly negligent and that this was the proximate cause of her injuries.

Plaintiff points to several aspects of Flynn's conduct that create a question of fact whether or not her actions and inactions were a cause in fact of the accident. First, she stopped the bus in the middle of the street rather than at the corner where there was a crosswalk or at an established bus stop. Second, she dropped the seven-year old off in the middle of a busy street on the side of the street opposite her home despite the fact that the child was unaccompanied by her brother and there was no adult waiting to escort her from the bus and across the street. Third, she either failed to observe the black car that went around the bus prior to the child getting out or noted it but failed to take action to make sure that other drivers knew not to pass the bus by either putting her hand out the window, honking the horn, or moving the bus so as to block the road. Fourth, Jackson testified that the rear flashers on the bus were not activated.[4] Fifth, when she saw the child turn

---

[4] Flynn testified that she did put the flashers on, but in a motion for summary disposition we resolve all factual disputes in favor of the nonmovant. See *Debano-Griffin*, 493 Mich at 175. Flynn also relies on testimony from Jackson that she believes she would have proceeded around the bus even if the flashers were on, as she would have concluded the bus was broken down given that it was

left (toward the front of the bus) instead of right (toward the back of the bus) at the bus door, Flynn did not call out to her, or honk the horn or take any other action to protect the child. While defendant seeks to focus on each of these actions in isolation, the trial court properly considered the entirety of defendant's conduct. Further, because this case involves multiple actors and "myriad variables," summary disposition is not favored. See *Ray v Swager (On Remand)*, 321 Mich App 755, 762; 909 NW2d 817 (2017). In sum, viewed in a light most favorable to plaintiff, there is sufficient evidence from which a reasonable jury could conclude that, but for Flynn's conduct, plaintiff's injuries would not have occurred.

We also conclude that the trial court did not err by finding that summary disposition was precluded on the question of proximate or legal causation. "[S]o long as the defendant is *a* factual cause of the plaintiff's injuries, then the court should address legal causation by assessing foreseeability and whether defendant's conduct was *the* proximate cause." *Ray*, 501 Mich at 74. Proximate cause or legal causation "requires a determination of whether it was foreseeable that the defendant's conduct could result in harm to the victim." *Id*. at 65. For the conduct of a governmental employee to be "the proximate cause" under the GTLA, it must be "the one most immediate, efficient, and direct cause of the injury . . . ." *Id*. (quotation marks and citation omitted). Summary disposition should not be granted if reasonable minds could differ on the question of proximate causation. See *id*. at 65.

"[B]efore an actor can be a proximate cause, there must be the prerequisite determination that the actor was negligent—that is, that the actor breached a duty." *Id*. at 74. In this case, given plaintiff's age, a jury could reasonably determine that she was not negligent, in which case her actions cannot be a proximate cause of her injury. Similarly, the jury could conclude that Jackson acted reasonably by proceeding around a bus that appeared to be disabled. Given that only negligent acts may be deemed to be a proximate cause, if the jury finds no negligence on the part of plaintiff or Jackson, then Flynn's conduct is highly likely to be deemed *the* proximate cause. In any event, even if another actor was negligent and a proximate cause of plaintiff's injuries, the question remains whether Flynn's actions were "*the* proximate cause," i.e., whether Flynn's actions were the "most immediate, efficient, and direct cause" of the injuries." *Id*. at 76 (emphasis added). Considering the numerous actions or inactions by Flynn that plaintiff claims breached the standard of care, a reasonable jury could conclude that Flynn was the proximate cause of the accident.

Affirmed. Plaintiff may tax costs as the prevailing party. MCR 7.219(A).

/s/ Douglas B. Shapiro
/s/ Jane M. Beckering

---

stopped in the middle of the street and not near a bus stop. However, testimony as to what Jackson would have done under different circumstances than those that actually existed is a credibility question relevant to causation that must be resolved by a jury. See *Martin v Ledingham*, 488 Mich 987, 988 (2010) (holding that testimony that a witness would have acted differently under different circumstances "presents a question of fact and an issue of credibility for the jury to resolve.").