*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MYAIR BARNETT, by Next Friend REGINA
PORTER,

UNPUBLISHED
September 2, 2021

Plaintiff-Appellee,

v

No. 353401
Genesee Circuit Court
LC No. 18-111579-NO

DEJA SHARDONNAY JACKSON, NINA RICCI
JACKSON, and FLINT MASS
TRANSPORTATION AUTHORITY,

Defendants,

and

FRANCHEZKA FLYNN,

Defendant-Appellant.

Before: SHAPIRO, P.J., and JANSEN and BECKERING, JJ.

JANSEN, J. (*dissenting)*

For the reasons that follow, I respectfully dissent.

The majority opinion concludes that Flynn is not entitled to summary disposition because there are genuine issues of material fact regarding factual and legal causation. I disagree, and would reverse the trial court order in relevant part, and remand for entry of an order granting Flynn summary disposition.

The issue on appeal is whether Flynn's actions were a cause in fact and the proximate cause of plaintiff's injuries. "Proximate cause is an essential element of a negligence claim." *Ray v Swager*, 501 Mich 52, 63; 903 NW2d 366 (2017). A governmental employee's gross negligence is the proximate cause of an injury if it is " 'the one most immediate, efficient, and direct cause' preceding the injury." *Love v Detroit*, 270 Mich App 563, 565; 716 NW2d 604 (2006), quoting *Robinson v Detroit*, 462 Mich 439, 462; 613 NW2d 307 (2000). Proximate cause should not be confused with cause in fact, or factual causation, which means that a plaintiff's injury would not

have occurred "but for" the actions of a defendant. *Ray*, 501 Mich at 63. A court must determine that a defendant's negligence was a cause in fact of a plaintiff's injuries before it can conclude that it was the proximate or legal cause of the injuries. *Id*. at 64. "In a negligence action, a plaintiff must establish both factual causation, i.e., 'the defendant's conduct in fact caused harm to the plaintiff,' and legal causation, i.e., the harm caused to the plaintiff 'was the general kind of harm the defendant negligently risked.' " *Id*. (quotations omitted). "The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough[.]" *Skinner v Square D Co*, 445 Mich 153, 165; 516 NW2d 475 (1994) (quotation marks and citations omitted). A plaintiff presents sufficient evidence of causation to create a question of fact for the jury in response to a motion for summary disposition if she establishes a logical sequence of cause and effect irrespective of the existence of other plausible theories that may have evidentiary support; however, causation cannot be established by mere speculation. *Patrick v Turkelson*, 322 Mich App 596, 617; 913 NW2d 369 (2018).

Although the trial court quoted *Ray* in its opinion and order regarding summary disposition and stated, " 'The analysis under this framework begins with determining whether the defendant's gross negligence was a cause in fact of the plaintiff's injuries[,]' " the court failed to explicitly determine whether Flynn's actions were a cause in fact before reaching a conclusion about proximate cause. "Proximate cause is distinct from cause in fact," and "[c]ourts must not conflate these two concepts." *Ray*, 501 Mich at 63. The court must find cause in fact before it finds proximate cause. *Id*. at 64. "Factual causation requires showing that 'but for' the defendant's actions, plaintiff's injury would not have occurred." *Kroll v DeMorrow*, 505 Mich 954, 954; 936 NW2d 828 (2020). "If factual causation cannot be established, then proximate cause, that is, legal causation, is no longer a relevant issue." *Ray*, 501 Mich at 64. See also *Skinner*, 445 Mich at 163 (where the plaintiffs were unsuccessful in establishing a genuine issue of factual causation, the Court did not address proximate cause).

Nonetheless, plaintiff failed to meet her burden to establish that Flynn's actions were a cause in fact of plaintiff's injuries. The facts of this matter are fairly uncontested. The accident was clearly caught on camera, and is shown in both videos provided to this Court. The only factual dispute is whether Flynn activated the four-way flashers on the bus when it was stopped, which is not visible from either video. Flynn testified that she activated the four-way flashers; Jackson testified that they were not on. In *Kroll*, the issue was whether the defendant bus driver's alleged failure to activate the caution lights on the bus was a cause in fact of the student's injuries. *Kroll*, 505 Mich at 954. The Supreme Court found that the evidence viewed in the light most favorable to the plaintiffs established sufficient evidence to bar summary disposition on factual cause because the driver that hit the student testified that it was his habit to stop when the caution lights on a bus were activated, and had the caution lights been on in this case, he would have stopped. *Id*. This testimony created a genuine issue of material fact as to whether the accident would have occurred but for the bus driver's failure to turn on the lights because the driver would have slowed to a stop before hitting the student. *Id*.

Although it is disputed whether Flynn activated the four-way flashers, the facts of this case are distinguishable from *Kroll*. Jackson testified that the four-way flashers were not on; however, when asked if the lights had been on would that have alerted her not to go around, she answered, "Not particularly due to the type of bus it is because sometimes that particular bus company has a

-2-

lot of breakdowns too so—and as late as it was, I didn't really think school would be getting out." Had she seen the flashers on, she would not have acted differently because perhaps the battery had died. She testified that she was taught in driver's training not to cross a double yellow line, "but if the bus was broken down I would have to pass the bus." Jackson testified that she stopped behind the bus and waited, but did not see any pedestrians, so she proceeded to pass. Plaintiff relies on Jackson's initial testimony that the MTA bus did not look like a school bus, and if it had, she would have acted differently. However, Jackson then testified that the actual shape of the bus looked like a school bus, but was a different color, and she was well aware that MTA buses transported school children because she rode them to school as a student. Thus, the factual dispute regarding whether Flynn had the flashers on does not create a question of fact regarding cause in fact where Jackson testified that had they been on, she still would have passed.

The other assertions by plaintiff that the trial court relied on to create a question of fact are too speculative to establish cause in fact. *Patrick*, 322 Mich App at 617. In *Beals v Michigan*, 497 Mich 363, 365; 871 NW2d 5 (2015), the issue was whether a defendant lifeguard's failure to intervene in the deceased's drowning was the proximate cause of the death. In *Ray*, 501 Mich at 70-71, the Supreme Court clarified the analysis regarding this issue in *Beals*:

> While our analysis in that case was somewhat opaque, we believe *Beals* is best understood as holding that the lifeguard could not have been "the proximate cause" of the decedent's drowning because the plaintiff failed to show even a genuine issue of causation. When a plaintiff attempts to establish factual causation circumstantially, that circumstantial proof must go beyond mere speculation. The plaintiff in *Beals* failed to make this showing. We emphasized that any connection between the lifeguard's breach of a duty and the drowning was only speculative. We also noted that "it [was] unclear that even a prudent lifeguard would have been able to observe and prevent the [deceased's] drowning," which further illustrated that the casual connection was "simply too tenuous." In other words, the plaintiff failed to show that the lifeguard was a but-for cause of the decedent's death.

Here, too, the assertions made by plaintiff relied on by the trial court attempting to connect any breach by Flynn to plaintiff's injuries were circumstantial, and too tenuous to establish cause in fact.[1] *Id.* These are the same assertions relied on by the majority opinion, which are merely speculation. Jackson testified that Flynn did not stick her hand out the window to warn her of any students crossing the street. Flynn testified that the window by the driver's seat of the bus does open, but she was not taught to stick her hand out. Actually, she was taught that it was against procedure to wave or hold cars, and she was not allowed to do so by sticking her arm out the window. Galloway testified that this was not part of MTA training, but it was not prohibited either. There is no allegation that Flynn was in violation of any traffic law. Rather, Galloway testified that there is no MTA policy in place that customers walk to the back of the bus to cross the street; however, it was recommended that the bus drop off customers and then pull away so there is a

---

[1] Although Flynn fails to challenge on appeal the trial court's conclusion that questions of fact existed regarding whether her actions constituted gross negligence, these facts, even if true, also do not rise to the level of gross negligence.

clear line of sight. Additionally, Galloway testified that it was not recommended that bus drivers get off the bus, leaving customers unattended, to assist someone to cross the street. There were three other students on board when this accident occurred. Although the peak service routes did not have designated bus stops, Flynn pulled the bus over in the middle of the block directly across from plaintiff's home. Although plaintiff was young and unaccompanied by her brother that day, she was also unaccompanied by her brother the two days preceding the accident, and correctly crossed the street at the back of the bus without incident. In every motor vehicle accident we can speculate as to other possible scenarios; this speculation, however, does not create a question of fact. It was error for the trial court to rely on speculative testimony provided by Jackson to conclude that questions of fact existed regarding whether Flynn was a cause in fact of plaintiff's injuries.

Therefore, I would conclude that there is no genuine issue of material fact that Flynn's actions were not a cause in fact of plaintiff's injuries because plaintiff failed to meet her burden of providing circumstantial proof beyond mere speculation of what Flynn could have done differently. I would reverse the trial court order in relevant part, and remand for entry of an order granting Flynn summary disposition because she is entitled to governmental immunity. MCR 2.116(C)(7) and (10).

When there is a lack of cause in fact, proximate cause becomes irrelevant. *Ray*, 501 Mich at 64; *Skinner*, 445 Mich at 163. However, because the majority addresses this issue, I further conclude that Flynn was not the proximate cause of plaintiff's injuries.

Proximate cause is " 'the one most immediate, efficient, and direct cause' preceding the injury." *Love*, 270 Mich App at 565, quoting *Robinson*, 462 Mich at 462. "The" proximate cause is different from "a" proximate cause, which implies the possibility of many proximate causes. *Robinson*, 462 Mich at 459-462. "Further, recognizing that 'the' is a definite article, and 'cause' is a singular noun, it is clear that the phrase 'the proximate cause' contemplates *one* cause." *Id.* at 462. The Michigan Supreme Court recently explained the proper process to determine proximate cause under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*:

> We take this opportunity to clarify the role that factual and legal causation play when analyzing whether a defendant's conduct was "the proximate cause" of a plaintiff's injuries under the GTLA. In any negligence case, including one involving a government actor's gross negligence, a court must determine whether "the defendant's negligence was a cause in fact of the plaintiff's injuries . . . ." But the court must also assess proximate cause, that is, legal causation, which requires a determination of whether it was foreseeable that the defendant's conduct could result in harm to the victim. A proper legal causation inquiry considers whether an actor should be held legally responsible for his or her conduct, which requires determining whether the actor's breach of a duty to the plaintiff was a proximate cause of the plaintiff's injury. It is not uncommon that more than one proximate cause contributes to an injury. However, under the GTLA, we have held that when assessing whether a governmental employee was "the proximate cause" of the plaintiff's injuries, a court must determine whether the defendant's conduct was "the one most immediate, efficient, and direct cause of the injury . . . ." [*Ray*, 501 Mich at 64-65 (footnotes omitted).]

-4-

Proximate cause may not be determined by weighing factual causes. *Id*. at 66.

An appropriate proximate cause analysis must include the legal responsibility of all of the actors involved, and whether each actor was negligent. *Id*. at 74. The trial court did not determine whether Jackson was negligent, and therefore, the proximate cause. The majority concludes that the jury could find that Jackson acted reasonably by passing a bus appearing to be disabled. However, Jackson knew that MTA buses transported school children based on her own experience riding the bus as a student. She admitted that she crossed the double yellow line in the middle of the road, and would have passed the bus regardless of whether the flashers were on. See MCL 257.638(1) ("A vehicle shall not be driven to the left side of the center of a 2-lane highway . . . in overtaking and passing another vehicle proceeding in the same direction unless the left side or center lane is clearly visible and is free of oncoming traffic . . . ."). A violation of a statute creates a rebuttable presumption of negligence. *Candelaria v BC Gen Contractors, Inc*, 236 Mich App 67, 82 n 5; 600 NW2d 348 (1999).

Additionally, the trial court failed to analyze whether plaintiff was negligent and a proximate cause of her own injuries, taking her age into account. The majority concludes that given the plaintiff's young age, a jury could reasonably determine that she was not negligent. However, "determining whether a child was negligent requires application of a subjective standard. The court must assess whether the child acted with the degree of care that would reasonably be expected of a child of similar age, intelligence, capacity, and experience under the circumstances of the case." *Ray*, 501 Mich at 75 (footnotes omitted). Here, the trial court failed to assess plaintiff's negligence at all. Plaintiff was seven years old at the time of the accident. Although her older brother did not accompany her on the date of the accident, she was without her brother the two days before the accident, and had walked to the back of the bus before crossing the street. It was raining on the day of the accident, and plaintiff held her backpack over her head when she crossed the street in front of the bus.

In *Ray*, a 13-year old student was hit by a car while running during cross-country practice having crossed the street when the "Do Not Walk" symbol was illuminated, and the defendant coach instructed the runners to cross. *Ray*, 501 Mich at 59-60. The student's parents sued the coach and the driver of the vehicle that hit the student, and the coach moved for summary disposition based on governmental immunity. *Id*. at 60. The trial court denied the motion, and on appeal, this Court reversed, holding that the " 'most proximate cause of [the student's] injuries is the fact that he was struck by a moving vehicle.' " *Id*. at 61 (citation omitted). The Supreme Court remanded to this Court for an appropriate proximate cause analysis under the standard provided above where this Court failed to analyze the negligence of the other actors involved, and to consider whether the coach's "actions alongside any other potential proximate causes . . . were, or could have been, the one most immediate, efficient, and direct cause of the injuries." *Id*. at 76 (quotation marks and citation omitted).

On remand, this Court determined that there were material questions of fact that prevented the Court from determining proximate cause and resolving the coach's claim for governmental immunity. *Ray v Swager (On Remand)*, 321 Mich App 755, 760-761, 909 NW2d 917 (2017). This Court noted that the actions of three people could be the proximate cause—the student, the coach, and the driver; however, the factual record was highly contested, and contained numerous accounts of the incident, including what the coach said, and to whom he said it. *Id*. at 761. There

were disputes regarding on how far the student was behind the coach, whether he heard the coach's instruction to cross the road, and disputes regarding the driver's speed. *Id*. at 762. The factual disputes precluded summary disposition. *Id*. at 761. "[G]iven the myriad variables affecting the actors' respective negligence and legal responsibility, and in light of the factual disputes relating to these issues, we cannot conclude as a matter of law that [the coach] was not grossly negligent and that this gross negligence did not constitute the proximate cause of [the student's] injuries." *Id*. at 762. Therefore, the Court affirmed the denial of the coach's motion for summary disposition. *Id*.

This case is factually distinguishable from the facts in *Ray*. Here, the facts are generally uncontested. Flynn stopped the bus on the side of the road in the middle of the block directly across the street from plaintiff's home, as she had done on that bus route for several months, because these "peak service" routes did not have designated bus stops. The stops were made to be within two blocks of a student's home. Plaintiff exited the bus, crossed the street in the front of the bus, and was struck by Jackson's vehicle as it crossed the double yellow line. The accident was captured on two videos. Although the trial court erred in failing to consider the actions and possible negligence of Jackson and plaintiff as other proximate causes, in considering them now, I cannot conclude that Flynn's actions were "the one most immediate, efficient, and direct cause" of plaintiff's injuries. *Id*. at 760. It was not foreseeable that plaintiff would cross in front of the bus that day. *Id*. Unaccompanied by her brother the two days before the accident, she properly exited the bus, and went to the rear to cross. The only contested factual issue is whether Flynn turned on the four-way flashers of the bus as she was stopped. Regardless, Jackson testified that had the flashers been on, she would not have altered her course of action because it was possible that the bus was disabled on the side of the road, and she would need to pass to get by. This single factual dispute does not rise to the level of the "myriad variables affecting the actors' respective negligence and legal responsibility" present in *Ray (On Remand)*, 321 Mich App at 762, and therefore, does not preclude summary disposition. Therefore, because there is no genuine issue of material fact that Flynn's actions were not "the" proximate cause of plaintiff's injuries, considered in light of all the proximate causes, I would conclude that Flynn is entitled to summary disposition under MCR 2.116(C)(7) because she is entitled to governmental immunity.

/s/ Kathleen Jansen