*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JL, Minor, by Next Friend, CHANTAE LOVETT,

Plaintiff-Appellee,

v

NATASHA MCGHEE,

Defendant-Appellant.

and

DETROIT PUBLIC SCHOOLS COMMUNITY
DISTRICT and ASHLEY GARRETT,

Defendants.

UNPUBLISHED
December 17, 2025
1:10 PM

No. 372254
Wayne Circuit Court
LC No. 24-006487-NO

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

Defendant, Natasha McGhee, appeals from an order denying her governmental immunity for claims arising out of her employment as a principal and a teacher's assault of a student. We reverse and remand for entry of judgment in her favor.

## I. FACTS AND PROCEDURAL HISTORY

Defendant was the principal of Turning Points Academy, a Detroit Public Schools Community District (DPSCD) school for students with special needs. In March 2023, a Turning Points Academy teacher, Ashley Garrett, assaulted a student, JL. According to Garrett, JL spit on and punched Garrett in the face multiple times; Garrett responded by hitting, spitting on, and grabbing JL, causing injuries. DPSCD fired Garrett, and she ultimately pleaded guilty to fourth-degree child abuse.

-1-

Plaintiff, JL's next friend, commenced this negligence lawsuit against DPSCD, Garrett, and defendant.[1] The complaint alleges four counts: gross negligence as to defendant and DPSCD, respondeat superior as to defendant and DPSCD, vicarious liability and principal-agent relationship as to defendant and DPSCD, and gross negligence as to Garrett. In particular, plaintiff faults defendant for placing Garrett in JL's classroom despite (a) Garrett not being certified as a lead teacher (she was initially hired as substitute teacher and then assigned to be a gym teacher); (b) being told by Garrett that she was not comfortable with the role; and (c) knowing a prior teacher in JL's classroom was fired for hitting a student.[2] Defendant, according to Garrett, ignored those complaints and instead told Garrett to just "deal with it." In lieu of an answer, DPSCD and defendant moved for summary disposition under MCR 2.116(C)(7), arguing governmental immunity barred plaintiff's claims. See MCL 691.1407. The trial court granted DPSCD summary disposition on all claims but denied immunity to defendant, reasoning that discovery was needed to determine if defendant's conduct amounted to gross negligence. Defendant appeals.

## II. ANALYSIS

The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, grants government employees broad immunity from tort liability if a government employee is exercising or discharging a governmental function. *Beals v Michigan*, 497 Mich 363, 370; 871 NW2d 5 (2015), overruled in part on other grounds by *Ray v Swager*, 501 Mich 52, 72 n 49; 903 NW2d 366 (2017). But MCL 691.1407(2) excepts claims against government employees acting within the scope of their authority and exercising or discharging a governmental function if their conduct is (1) grossly negligent and (2) the proximate cause of the injury or damage. *Beals*, 497 Mich at 370-371.

"The determination whether a governmental employee's conduct constituted gross negligence that proximately caused the complained-of injury under MCL 691.1407 is generally a question of fact, but, if reasonable minds could not differ, a court may grant summary disposition." *Briggs v Oakland Co*, 276 Mich App 369, 374; 742 NW2d 136 (2007). This court reviews de novo the applicability of governmental immunity. *Beals*, 497 Mich at 369. To survive a motion for summary disposition under MCR 2.116(C)(7), a "plaintiff must allege facts justifying the application of an exception to governmental immunity." *Id.* (quotation marks and citation omitted). We "consider all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Id.* (quotation marks and citation omitted). "If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether the claim is barred by immunity is a question for the court to decide as a matter of law." *Id.* (quotation marks and citation omitted).

---

[1] We refer to McGhee as "defendant" because she is the only defendant appealing the trial court's order.

[2] Plaintiff does not allege JL had a history of violence towards other students or teachers.

We focus here on proximate cause as being dispositive.[3] In claims involving a government actor's gross negligence, a plaintiff must establish that a defendant's negligence was both the factual and proximate cause of injury. *Ray*, 501 Mich at 65. Factual causation requires showing that "but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Patrick v Turkelson*, 322 Mich App 595, 617; 913 NW2d 369 (2018) (quotation marks and citation omitted). A proximate cause analysis "requires a determination of whether it was foreseeable that the defendant's conduct could result in harm to the victim." *Ray*, 501 Mich at 64. This "require[s] considering defendant's actions alongside any other potential proximate causes to determine whether defendant's actions were, or could have been, the one most immediate, efficient, and direct cause of the injuries" and "does not entail the weighing of factual causes" of the plaintiff's harm. *Id*. at 71-72, 76 (quotation marks and citation omitted). Instead, proximate cause "involves examining the *foreseeability* of consequences, and whether a defendant should be held legally responsible for such consequences." *Id*. at 63 (quotation marks and citation omitted; emphasis added). Although there can typically be multiple proximate causes that contribute to an injury, under the GTLA, a government employee's conduct must be "the one most immediate, efficient, and direct cause of the injury." *Id*. at 65.

With these considerations in mind, defendant is entitled to summary disposition because no reasonable juror could conclude defendant was *the* proximate cause of JL's injuries. Simply, Garrett's conduct—and not defendant's—was the proximate cause of JL's injuries, as it was the most immediate, efficient, and direct cause of those injuries. Stated otherwise, JL's injuries would not have occurred but for Garrett's conduct and arose only from a series of events as opposed to being an immediate and direct consequence of defendant's conduct.

### III. CONCLUSION

For these reasons, we reverse and remand with instructions to enter an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace

---

[3] We thus do not address whether defendant's conduct constituted gross negligence.